UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAVID FRUGE**                           **CASE NO. 2:22-CV-01337**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**NATIONAL FLOOD INSURANCE**              **MAGISTRATE JUDGE KAY**
**PROGRAM ET AL.**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss or alternatively, Motion for Summary Judgment [doc. 6] filed by defendants Deanne Criswell, in her official capacity as administrator of FEMA, and Alejandro Mayorkas, in his official capacity as Acting Secretary of the Department of Homeland Security. Plaintiff opposes the motions. Doc. 13.

### I.
### BACKGROUND

This suit arises from flood damage to plaintiff's home in Lake Charles, Louisiana, following heavy rainfall on May 17, 2021. At all relevant times the property was insured under a Standard Flood Insurance Dwelling Policy administered by the federal government's National Flood Insurance Program ("NFIP"). Plaintiff alleges that he timely reported his losses to FEMA, which sent an adjuster to his property. Doc. 1, ¶¶ 16–17. He further alleges that the adjuster, with the insurer's approval, "prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the Policy, Insurer's general company claims handling standards, and/or NFIP claims manuals," but which

plaintiff was forced to sign in order to receive an initial damage assessment payment. *Id.* at ¶¶ 17–18. When he realized that numerous covered items had been omitted from the estimate, plaintiff asserts, he retained independent experts and submitted additional proof of loss to FEMA for review. *Id.* at ¶¶ 18–22. However, FEMA denied his claims despite his submission of "timely and satisfactory" proof of loss. *Id.* at ¶27. Plaintiff then filed suit in this court on May 18, 2022, raising claims for breach of contract and for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Defendants now move to dismiss the suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that (1) the court lacks jurisdiction because plaintiff's failure to comply with certain policy provisions places his claim outside the government's limited waiver of sovereign immunity and (2) the claims fail on the merits because the plaintiff did not present timely proof of loss. They also request that, if necessary, the court convert the motion into one for summary judgment and consider evidence outside of the complaint. Docs. 6, 9. Plaintiff opposes the motions, arguing that both the jurisdictional and merits attacks involve questions of fact that are not ripe for adjudication at this stage. Doc. 13.

## II.
### LAW & APPLICATION

Generally, the court should consider any jurisdictional attack before addressing the merits of the case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "This requirement prevents a court without jurisdiction from prematurely dismissing a case on the merits." *Id.* Accordingly, the court first addresses jurisdictional grounds for dismissal and then, if necessary, the remaining arguments raised under Rule 12(b)(6).

### A. Motion to Dismiss Under 12(b)(1)

#### 1. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," with no presumption attaching to the plaintiff's allegations or obligation that disputed facts be construed in his favor. *Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

## 2. Application

Defendants move to dismiss this suit for lack of jurisdiction based on plaintiff's alleged inability to establish that his claims fit within the government's waiver of sovereign immunity. Courts may not exercise subject matter jurisdiction over claims against the United States unless the United States has waived immunity and consented to suit. *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). Any waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Accordingly, "no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002).

The National Flood Insurance Act ("NFIA") contains a limited waiver of sovereign immunity that applies in the event a party's flood insurance claim is denied:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and **upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim,** the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, **may institute an action against the Administrator** on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

47 U.S.C. § 4072 (emphasis added).

Defendants maintain that plaintiff's claims do not fit within this waiver because he did not comply with Standard Flood Insurance Policy ("SFIP") Section VII(J)(4) by

submitting proof of loss within 60 days of the loss event. *See* doc. 9, att. 1, p. 3 n. 1. The Fifth Circuit, however, has held that the proof of loss requirement is not jurisdictional. Instead, "the challenge is inseparable from the merits of the legal issue, that is, whether failure to file the proof of loss precludes recovery under the policy." *LCP West Monroe, LLC v. United States*, 2018 WL 3407495, at *7 (W.D. La. May 7, 2018) (quoting *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985)). Instead, on such a challenge the court should "deal with the objection as a direct attack on the merits of the plaintiff's case[.]" *Id.*

Here plaintiff seeks relief under a breach of contract claim based on FEMA's denial of his claim for additional proceeds, a matter within the scope of § 4072's waiver of sovereign immunity. *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 397 (5th Cir. 2007). The EAJA, under which plaintiff raises a claim for attorney fees, likewise contains a waiver of sovereign immunity unchallenged by defendants here. *E.g.*, *United States v. Swopes*, 492 F.Supp.2d 651, 653–54 (W.D. Tex. 2006). Accordingly, there is no basis for dismissing this matter for lack of subject matter jurisdiction. The court will instead treat the challenges to timeliness under defendants' motions based on the merits, infra.

B. **Motion to Dismiss Under 12(b)(6)**

1. **Legal Standard**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### 2. Application

Defendants argue that plaintiff's claims must be dismissed because he failed to submit timely proof of loss, a condition precedent to suit under the SFIP provisions cited above. To this end they rely on a sworn declaration from Aaron Truitt, who is an employee of the NFIP direct servicing agent company Torrent Technologies, Inc. *See* doc. 9, att. 1. Truitt describes the history of plaintiff's prior claims on his flood insurance policy as well as the proofs of loss submitted on his 2021 claim and the payments made in response. *Id.* at ¶¶ 20–30. He asserts that adjustment of the latest claim was complicated due to the adjuster's difficulty in determining whether the damages claimed for the 2021 event were prior, unrepaired damages from previous flood events. *Id.* at ¶¶ 20–30. He further asserts that plaintiff submitted no proof of loss for any additional amounts beyond the amount paid for his 2021 claim within 60 days of that flood event. *Id.* at ¶ 31.

Truitt's declaration is outside the scope of a Rule 12(b)(6) motion. Without, the court has only plaintiff's allegation that he submitted "timely and satisfactory" proof of loss, which must be taken as true. If the court considers the declaration, it must convert the motion to dismiss to a motion for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). However, the court has complete discretion to determine whether to accept material outside the pleadings and convert the motion. *Ware v. Assoc. Milk Prods.*, 614 F.2d 413, 415 (5th Cir. 1980). Additionally, the court may defer or deny a motion for summary judgment when the non-movant shows that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Because summary judgment usually occurs during or after the discovery period, conversion of a motion to dismiss prior to the commencement of discovery is unlikely to afford the parties a "full, fair, and wholly adequate opportunity for discovery" as required under Rule 56. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725–26 (5th Cir. 2003).

Here suit was filed on May 18, 2022, and the defendants filed the instant motions in lieu of an answer on July 26, 2022. Docs. 1, 6. Plaintiff raises numerous issues with Truitt's factual assertions but states that he has not had adequate time to conduct discovery and oppose these. Doc. 13. No scheduling conference has taken place and no deadlines in this matter have been set. Accordingly, the court agrees that the parties must be given more time to conduct discovery before a decision can be reached on the merits involving evidence outside of the pleadings. The Motion to Dismiss under Rule 12(b)(6) or, alternatively, Motion for Summary Judgment will therefore be denied.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss or alternatively, Motion for Summary Judgment [doc. 6] will be **DENIED**, without prejudice to defendants' right to bring a later motion for summary judgment on these grounds after the parties have had adequate opportunity to conduct discovery.

**THUS DONE AND SIGNED** in Chambers on this 26th day of August, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE